UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ORIX FINANCIAL SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-0538 |
| ) | Judge Echols |
| INTERSTATE CAPITAL CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Pending before the Court is Plaintiff Orix Financial Services, Inc.'s ("Orix") "Motion Voluntary Dismiss [sic]" (Docket Entry No. 10) to which Defendant Interstate Capital Corp. ("Interstate") has responded in opposition (Docket Entry No. 12) and Plaintiff has replied (Docket Entry No. 16).

## I. FACTUAL BACKGROUND AND SUMMARY OF ARGUMENTS

This diversity action was filed by Orix, a New York corporation with its principal place of business in Georgia, against Interstate, a New Mexico corporation with its principal place of business located there. Orix has filed a single claim for conversion based upon the following allegations.

Rich Transport Inc., a Waynesboro, Tennessee trucking company, became indebted to Orix pursuant to leases and notes made and entered into between Orix and Rich Transport relating to the lease of tractors and trailers. To secure the indebtedness, Rich Transport granted to Orix security interests in Rich Transport's accounts receivable. (Docket Entry No. 1 ¶¶ 1, 2, 4-7).

1

On July 10, 2002, Rich Transport filed for bankruptcy protection under Chapter 11 in the United States Bankruptcy Court for the Middle District of Tennessee. (Id. ¶ 15). Prior to the filing of the petition, but after Orix had perfected its security interests in Rich Transport's accounts receivable, Rich Transport entered into a factoring agreement with Interstate.[1] (Id. ¶ 10).

Orix contends that the agreement between Rich Transport and Interstate is junior to the interest it has in Rich Transport's accounts receivable and consequently sues Interstate in this Court for conversion. (Id. ¶¶ 12, 22-24). Interstate, in turn, has recently filed a Third Party Complaint against Paul E. and Rosanne Rich, who are Tennessee residents, claiming that they signed the factoring agreement for Rich Transport and agreed to hold Interstate harmless and indemnify Interstate for any claims arising under the factoring agreement which gave rise to Orix's claim.

As a defense to Orix's lawsuit, Interstate contends that the claim for conversion is essentially time-barred under the three year statute of limitations set forth in T.C.A. § 28-3-105(2). Interstate asserts that since the alleged conversion occurred prior

---

[1] "Factoring" is the practice of selling accounts receivable at a discount to an entity which then seeks to collect the face value of the amount due. "For example, after shipping $100,000 worth of widgets, a widget manufacturer might take the $100,000 in accounts receivable to a factor. The factor would buy the right to collect the $100,000. The amount the factor would pay its client (the manufacturer) depends on the time-value of money, on the likelihood that the client's customers will pay for the widgets, and on the factor's own profit margin. Thus the factor might pay $50,000 to the manufacturer for the right to collect $100,000 later." United States v. Katora, 981 F.2d 1398, 1400 n.2 (3d Cir. 1992).

2

to the filing of Rich Transport's petition in bankruptcy on July 10, 2002, but suit was not filed in this Court until July 7, 2005, some two years and 362 days later, there is only a three day period (July 7, 2002 to July 10, 2002) for which it could be liable on a claim for conversion. (Docket Entry No. 15 at 5).

Orix seeks dismissal without prejudice and indicates that it intends to refile suit in New Mexico where a claim for conversion is governed by a four-year statute of limitations. Interstate argues that if dismissal is granted, it should be with prejudice. Alternatively, Interstate asserts that if Orix is granted a dismissal without prejudice, Interstate should be awarded its costs and fees incurred to date.

## II. STANDARD OF REVIEW

Rule 41 of the Federal Rules of Civil Procedure governs voluntary dismissals of actions. In particular, "rule 41(a)(2) allows a plaintiff to voluntarily dismiss a claim with permission of the court if the request is made after the defendant has filed an answer." Warfield v. Allied Signal TBS Holdings, Inc., 267 F.3d 538, 541 (6th Cir. 2001).

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." Gover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994). Nevertheless, a Court must exercise its discretion in a way that protects the nonmovant from unfair treatment. Id. (citing Ikospentakis v. Thalassic S.S. Agency, 915 F.2d 176, 177 (5th Cir. 1990)).

3

## III. LEGAL ANALYSIS

There are two interrelated issues presented by Orix's motion to dismiss. The first is whether dismissal should be granted and, if so, whether that dismissal should be with or without prejudice. Assuming dismissal without prejudice is appropriate, the next issue is whether Defendant should be awarded its costs and attorneys' fees for having to litigate in this Court in the first place.

As indicated, the Court has discretion in ruling on Rule 41(a) motions. "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." Grover, 33 F.3d at 718. In Grover, the Sixth Circuit indicated that "[i]n determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Id.

Interstate has no objection to dismissal with prejudice but asserts that if Orix is allowed to have this case dismissed without prejudice, it will suffer "plain legal prejudice." The basis for this assertion is that if Orix dismisses and files suit in New Mexico, Interstate will lose the three year statute of limitations provided by Tennessee law for claims of conversion.

4

Whether the loss of a statute of limitations defense constitutes "plain legal prejudice" is an open question in the Sixth Circuit. The Courts of Appeals which have addressed the issue have not reached an accord.

In Bolten v. General Motors Corp., 180 F.2d 379 (7th Cir. 1950), the Seventh Circuit held that it was error to deny a motion to dismiss without prejudice under Rule 41(a)(2) even in light of a statute of limitation defense, because "[t]he adjudication on [the statute of limitations defense] had nothing to do with the merits of the case and meant nothing more than that the action could not proceed in the Illinois jurisdiction." Id. at 382. The same result was reached by the Eleventh Circuit in McCants v. Ford Motor Co., 781 F.2d 855, 858-59 (11th Cir. 1986).

On the other hand, the Eighth Circuit has held that, as a general proposition, loss of a statute of limitations defense as a result of a Rule 41(a)(2) dismissal constitutes clear legal prejudice. Metropolitan Federal Bank v. W. R. Grace & Co., 999 F.2d 1257, 1262 (8th Cir. 1993). In doing so, the Eighth Circuit took specific issue with the Eleventh Circuit's holding in McCants, writing:

> Voluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal, . . . and there is clear legal prejudice where a Rule 41(a)(2) dismissal is granted in the face of a valid statute of limitations defense[.] To the extent the Eleventh Circuit would hold that the loss to the defendant of a proven, valid statute of limitations defense does not constitute legal prejudice that would bar voluntary dismissal, we respectfully disagree. We would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant

5

> voluntary dismissal, where the nonmoving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed.

Id. at 1262-1263. Like the Eighth Circuit, the Fifth Circuit has held that dismissal without prejudice under Rule 41(a)(2) is inappropriate if it would strip the defendant of a potential statute of limitations defense because loss of the defense is clear legal prejudice. Phillips v. Illinios Cent. Gulf R.R., 874 F.2d 984, 986-87 (5th Cir. 1989). This divergence of opinion seems to be based upon competing thoughts - the view that the loss of a statute of limitations defense will only require the defendant to try the case in another court versus the view that dismissal deprives the defendant of an absolute defense.

In this particular case, the Court finds that the potential of a statute of limitations defense for the Defendant should not preclude dismissal of this action without prejudice for several reasons. In the first place, this is not a case where it is clear beyond doubt that Defendant would prevail on its statute of limitations defense. In fact, while Defendant has indicated that it intends to file a motion for summary judgment based upon the statute of limitations defense, it has not done so. Even if such a motion had been filed, there are important questions of fact and law which must be decided, along with a determination of whether there exists a genuine issue of material fact.

Looking solely at the arguments presented in the papers relating to the Motion for Voluntary Dismissal, this Court cannot conclude with any certainty that the outcome of a motion based on

6

a statute of limitations defense is foreordained in Defendant's favor. Defendant asserts that based upon Pero's Steak and Spaghetti House v. Lee, 90 S.W.3d 614 (Tenn. 2002), the discovery rule[2] does not apply to toll the statute of limitations on Plaintiff's claim for conversion. However, the Tennessee Supreme Court in Pero's was dealing solely with the issue of the discovery rule in the context of negotiable instruments in the form of checks: the Court was not dealing with the applicability of the discovery rule in the context of non-negotiable instruments such as contracts, debts, or accounts receivable. In fact, the Court pointed out that "[n]egotiable instruments are intended to facilitate the rapid flow of commerce by providing certainty in financial commercial transactions," id. at 624, and hence "[w]hen the property converted is a negotiable instrument, the damage is done, and the tort is complete when the instrument is negotiated, regardless of the plaintiff's ignorance of the conversion." Id. at 623. The same does not necessarily hold true with respect to non-negotiable instrument.

Second, even if most of Plaintiff's claim for conversion was barred by Tennessee's statute of limitations, it does not necessarily follow, as Defendant suggests, that a subsequent suit in a New Mexico court would be barred by the doctrine of *res judicata*. In Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S.

---

[2]Under the "discovery rule," the cause of action does not begin to run until the date of the discovery of the conversion (unlawful taking), or the date when, by the exercise of reasonable care, Plaintiff should have discovered the wrongful act.

7

Case 3:05-cv-00538   Document 30   Filed 01/27/06   Page 7 of 11 PageID #: 278

497 (2001), the Supreme Court held that a district court's dismissal of claims as time-barred is not necessarily the type of merits decision that has preclusive effect in subsequent litigation. A federal court's dismissal with prejudice of a time-barred claim means that the claim may not be refiled in the court that dismissed the claim. Cf. id. at 505-506. However, in determining whether a federal court's dismissal of a diversity action on statute of limitations grounds bars refiling in another court, a court is to look to "the law that would be applied by state courts in the State in which the federal diversity court sits." Id. at 508 (citations ommitted). Hence, the preclusive effect of dismissal in this action requires application of Tennessee law. Under Tennessee law, dismissal based upon a procedural ground does not support a claim for *res judicata*, Boyd v. Bruce, 2001 WL 1346264 at *5 (Tenn. Ct. App. 2001), and "statutes of limitations are procedural[.]" Calaway v. Schuker, ___ S.W.3d ___, ___, 2005 WL 3338655 at * 4 (Tenn. 2005).

Finally, in determining "plain legal prejudice," the Sixth Circuit has indicated that aside from looking at the explanation offered by Plaintiff for seeking dismissal, a court should also consider the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and whether a motion for summary judgment has been filed by the defendant. Grover, 33 F.3d at 718. Those factors, too, counsel in favor of dismissal without prejudice in this case.

8

While Plaintiff waited some time to file this suit, its request for dismissal does not come late in these proceedings. Quite the contrary, the motion for voluntary dismissal was filed about 2½ months after filing of the lawsuit, at a time when the only substantive Court involvement was the holding of an initial case management conference by the Magistrate Judge.

Plaintiff's motion for voluntary dismissal at this early juncture has also effectively eliminated expenditures by Defendant in preparation for trial on Plaintiff's claims. Further, although promised, Defendant has yet to file a motion for summary judgment. Obviously all three of these factors weigh heavily in favor of granting Plaintiff's request.

Even though this Court concludes that there exists no "plain legal prejudice," this does not mean that Plaintiff's miscue in filing in this Court should not be without cost. The Sixth Circuit has indicated that a Court must exercise its discretion in ruling on a Rule 41(a)(2) motion in a way that protects the nonmovant from unfair treatment. <u>Grover</u>, 33 F.3d at 718. Likewise, the Rule itself states that a Court may enter "such terms and conditions as the court deems proper" in granting a Plaintiff's motion for voluntary dismissal.

The Sixth Circuit has observed:

> Courts frequently require Plaintiffs to pay defense costs as a precondition to the granting of a dismissal without prejudice under Rule 41(a)(2)[.] While attorneys' fee awards are generally not permitted when the dismissal is with prejudice, such awards are permissible on dismissals without prejudice[.] The reasoning behind this rule is that a dismissal without prejudice does not preclude the

9

>     Plaintiff from initiating the same action again and
>     causing the Defendant to again begin preparing for
>     trial[.] While attorneys' fee awards are not mandatory
>     when a cause of action is dismissed under Rule 41(a)(2),
>     they are within the sound discretion of the district
>     court.

Massey v. City of Ferndale, 1997 WL 330652 at *2 (6th Cir. 1997)(citations omitted).

In this case, the Court will exercise its discretion and condition dismissal without prejudice upon Plaintiff agreeing to pay the Defendant's attorneys' fees and costs necessarily expended in this Court. The Court will not, however, require Plaintiff to pay Defendant's attorneys' fees for work which can be transferred to a refiled action. See, Rosenthal v. Bridgestone, 2005 WL 1593906 (N.D. Ohio 2005)(conditioning 41(a)(2) dismissal on Plaintiff's agreeing to pay reasonable costs only for work which could not be transferred to another jurisdiction and requiring Plaintiff to accept these terms prior to requiring defendant to file its fee petition).

## IV. CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Docket Entry No. 10) will be granted conditioned upon Plaintiff agreeing to pay Defendant's reasonable attorney fees and costs for work that cannot be transferred to another jurisdiction in which Plaintiff may file suit. By **Friday, February 3, 2006,** Plaintiff shall notify the Court in writing, with a copy to Defendant, whether it agrees to this condition. If so, the Defendant shall file its fee petition

(for work which cannot be transferred elsewhere) with supporting documentation, including detailed billing records showing the time spent and rates charged by **Monday, February 13, 2006**. The Plaintiff will then have until **Monday, February 20, 2006,** to file its objections to the fee petition. After the Court enters a ruling on Defendant's fee request, Plaintiff shall provide the Court with proof of payment of those fees to Defendant, after which this Court will enter an Order dismissing this case without prejudice. If Plaintiff cannot accept the conditions of payment of Defendant's costs and attorneys' fees, Plaintiff's claims will remain pending in this Court for trial unless Plaintiff requests dismissal with prejudice.

    An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

11

Case 3:05-cv-00538   Document 30   Filed 01/27/06   Page 11 of 11 PageID #: 282